TATE, Justice.
The defendant was convicted of armed robbery, La.R.S. 14:64, and sentenced to twenty-five years at hard labor. On his appeal, he relies upon four bills of exceptions.

Bill No. 1:

The first bill was taken to a denial of a motion to quash the petit jury venire on the ground that racially discriminatory procedures were utilized.
The defendant, a black, contends he was denied constitutional protections because the procedures were designed to minimize participation of blacks on the grand and petit jury venires. He argues that under-representation of blacks on the jury ve-nires, and the opportunity for the jury commissioners to discriminate in the selection of jury veniremen, establish his case, citing Alexander v. Louisiana, 405 U.S. 625, 92 S.Ct. 1221, 31 L.Ed.2d 536 (1972).
In the first place, no under-representation of blacks on the venires is shown. Although the defendant alleges that 20% of the population of Acadia Parish is black, the evidence does not establish any percentage of blacks chosen for the ve-nires, or that a lesser percentage than 20 was selected.
In the second place, unlike in Alexander, the evidence here tends to establish color *340 blind selection proceedings. Some prospective veniremen, it is true, were placed in the box from which the venires were chosen merely on the basis of a personal knowledge of their qualifications by the jury commissioners (one of whom is black). However, the evidence establishes that by far the greatest number were placed therein on the basis of random selection from telephone books, utility rolls, and voter registration rolls. The veniremen thereafter were chosen by random and totally col- or-blind methods.
The evidence also establishes that, although there was no advance marking or selection of veniremen’s cards by race, blacks had, in fact, been chosen in significant number to serve on the venires and juries. There were, for instance, two blacks on the grand jury which indicted the defendant.
The trial court properly held that systematic exclusion of blacks from the Acadia Parish venires was not proved by the evidence before it. There was no error in the denial of the motion.

Other Bills:

We likewise find no merit to the other bills:
Bill No. 2: Despite the defendant’s contention that his confession was not free and voluntary, we find no error in the trial court’s acceptance of the testimony of the interrogating police officer and the stenographer that the confession was freely made, without coercion or inducement, and after full Miranda warnings.
Bill No. 3: By this, the defendant contends that money taken from his mother’s bathroom was improperly admitted into evidence, since it was the product of a warrantless search.
Before the police officers and the defendant went to the mother’s house, the defendant had confessed to hiding his share of the money stolen in the place where it was found. His mother voluntarily permitted a search of the premises, executing a written consent thereto without any shown coercion. The defendant himself was with the officers when they went to his mother’s home and found the money to be where he had told them it would. There is no merit to this bill.
Bill No. 4: The defendant contends that his motion for a directed verdict was denied. He contends that there is no evidence that the robbery was committed by the defendant “while armed with a dangerous weapon”, as required by La.R.S. 14:64 to sustain an armed robbery conviction.
There is no merit to this bill. The defendant’s confession itself admitted that he pulled a gun on the store owners and then shot it, when one swung a paper bag at him, before taking the money.

Decree

Accordingly, the conviction and sentence are affirmed.
Affirmed.